UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GRAMMENS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANKERS STANDARD INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 3:21-cv-06427-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS, TERMINATING MOTION AS MOOT, VACATING HEARINGS**<br><br>Re: Dkt. Nos. 7, 28 |

    Plaintiffs Edward Grammens and Joanne Powell owned a home that was damaged in a fire; they destroyed parts that they claim were damaged. The house was insured by defendant Bankers Standard Insurance Company ("Bankers"), which hired defendant Madsen Kneppers and Associates, Inc. ("MKA"), to prepare repair estimates. According to the defendants, some of the destruction was done without authorization on non-damaged parts of the house. According to the plaintiffs, the defendants falsely adopted this position to lower the insurance payout. MKA moves to dismiss the fraud claim against it as well as the conspiracy and intentional interference with prospective economic advantage ("IIPEA") claims based on this alleged fraud. Its motion is GRANTED with leave to amend.[1] Although the claims survive many of MKA's challenges, the plaintiffs have not adequately pleaded that they justifiably relied on the alleged misrepresentations. Any amended complaint shall be filed within 20 days.

    Bankers has also filed a motion to dismiss scheduled to be heard in late March that raises the same fundamental issues. That motion is TERMINATED AS MOOT in light of the dismissal of the claims; the hearing on it is VACATED.

---

[1] Oral argument is unnecessary; the hearing on the motion is VACATED. *See* Civ. L.R. 7-1(b).

**BACKGROUND**

The plaintiffs were owners of a residential single-family home in Corte Madera, California ("the Property"). Complaint ("Compl.") [Dkt. No. 1 at 6–18] ¶ 1. The Notice of Removal states that the plaintiffs are both citizens of Nevada. Notice of Removal ("Not.") [Dkt. No. 1] at 2. Bankers is an insurance company, incorporated in Pennsylvania, whose principal place of business is in Philadelphia, Pennsylvania. Not. at 2; Compl. ¶ 2. MKA is a construction consultant and engineering company, incorporated in Colorado, with its principal place of business in California. Not. at 2; Compl. ¶ 3.

According to the plaintiffs, the Property was insured by Bankers; the insurance policy "provided insurance coverage for property damage and loss of use of [the plaintiffs'] home in the event of loss by fire." Compl. ¶¶ 8, 12, Ex. 1. On September 4, 2019, a fire occurred at the Property. *Id*. ¶ 9. The next day, the plaintiffs filed an insurance claim with Bankers for fire loss. *Id*. ¶ 10. Bankers hired a remediation contractor, American Technologies, Inc. ("ATI"), and a consultant, MKA. *Id*. ¶¶ 11–12. MKA prepared repair estimates for Bankers specifying which areas of the Property required demolition and/or remediation. *Id*. ¶¶ 12–13. ATI performed work on the Property that was specified or approved by MKA and Bankers. *Id*. ¶ 12. The plaintiffs also hired separate contractors to prepare repair estimates and bids to repair the Property. *Id*. ¶ 13.

The plaintiffs allege that Bankers and MKA contrived the false positions that the plaintiffs demolished parts of their home that were not damaged by the fire and directed remediation that was not approved by Bankers. *See id*. ¶ 15. Based on these false premises, Bankers and MKA allegedly prepared repair estimates that accounted for only a portion of the fire damage to the Property and amounted to about one third of the amount that the plaintiffs' contractors estimated was needed to fully repair the damage to the Property. *See id*. ¶¶ 16–18. Bankers also refused to pay for some of the work that ATI completed on the Property. *Id*. ¶ 18.

The plaintiffs also allege that Bankers denied "loss of use" coverage that they were entitled to; Bankers denied this coverage because the plaintiffs "should have fully repaired the property by May 2021, based on the false premise that only portions of the fire-damaged home need to be repaired." *Id*. ¶ 20. Bankers purportedly ceased "loss of use" payments at the end of May 2021.

*Id*. ¶ 20. The plaintiffs cannot complete repairs to the Property until the claim is paid in a way that allows them "to repair all of the fire damage to the home." *Id*. ¶ 20. In August 2020, the plaintiffs requested an appraisal to assess the "amount of loss" sustained from the fire at the Property; the house has been inspected but the results of the appraisal have not been announced. *Id*. ¶¶ 21–22; Dkt. No. 25 (joint status report discussing progress of appraisal). In the plaintiffs' view, "[a]ll of [Bankers's] positions on this claim have been asserted to minimize payment or deny payment to [the plaintiffs] and to put the financial interests of [Bankers] well above those of [the plaintiffs]." *Id*. ¶ 25.

In May 2021, the plaintiffs brought suit in state court and Bankers removed the case to this court in August 2021. The plaintiffs bring three claims against MKA: fraud, conspiracy, and IIPEA.[2] On December 14, 2021, MKA filed its motion to dismiss all claims. Dkt. Nos. 28, 29.[3]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

---

[2] The plaintiffs also bring four claims against Bankers: breach of contract, breach of the covenant of good faith and fair dealing, fraud, and conspiracy. *See generally* Compl.

[3] MKA filed its motion to dismiss (Dkt. No. 28) and memorandum of points and authorities in support of its motion (Dkt. No. 29) separately. I cite MKA's memorandum in this Order.

plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

FRCP 9(b) imposes a heightened pleading standard where a complaint alleges fraud or mistake. Under FRCP 9(b), to state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Moreover, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. *See Vess*, 317 F.3d at 1107-08 (internal citation and quotation marks omitted) ("when dismissing for failure to comply with Rule 9(b) leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts").

**DISCUSSION**

MKA contends that the plaintiffs fail to state claims and, in any event, that "the Complaint must be dismissed in its entirety against MKA because opinions are not actionable." Motion to Dismiss ("Mot.") [Dkt. No. 29] 1. I address each cause of action in turn before addressing the argument about opinions.

4

**I.     FRAUD**

MKA moves to dismiss the fraud claim, arguing that the plaintiffs (1) have not pleaded with the requisite particularity under Rule 9(b) and (2) have not adequately alleged justifiable reliance. *See id*. at 5–6.

Under California law, the elements of fraud are "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1255 (2009).

**A.     Particularity**

The fraud claim must be pleaded with particularity under Rule 9(b). *See Vess*, 317 F.3d at 1103. MKA argues that the plaintiffs have failed to plead with particularity because they "fail[ed] to set forth what is false or misleading about the statement and why it is false." Mot. 6. The plaintiffs counter that they have sufficiently pleaded the elements of fraud and that the Complaint meets the requirements of Rule 9(b).[4] *See* Opposition to the Mot. ("Oppo.") [Dkt. No. 34] 3–4, 7.

The plaintiffs have met Rule 9(b)'s requirements. The "who" is Bankers and MKA. The "what" is making false conclusions to artificially decrease the amount Bankers had to pay. The "how" is by falsely claiming that that the plaintiffs demolished parts of the home that were not damaged, and doing so without appropriate approvals. *See* Compl. ¶¶ 15, 46. The "when" and "where" are also adequately pleaded. Although the Complaint does not include a precise date, time, and geographic location, it need not do so on these facts. The plaintiffs plead that the false representation occurred when MKA's false estimate was incorporated into Bankers's denial of a higher payment. That is a sufficiently particular pleading about the when and where given the specific type of allegations here. From these allegations, MKA is on notice of exactly the alleged fraud it committed. Indeed, MKA's brief simply conclusorily states that the "who, what, when,

---

[4] At several points, the plaintiffs appear to argue that California pleading standards govern their claims. *See* Oppo. 3. But "[t]he Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess*, 317 F.3d at 1102 (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)).

where, and how" is missing, without elaborating on why the allegations are insufficient. *See* Mot. 6.

### B. Justifiable Reliance

Next, MKA argues that the plaintiffs have not sufficiently pleaded the element of justifiable reliance. It asserts that plaintiffs cannot meet the element because they "cannot allege they justifiably relied on the alleged misrepresentation when it is verifiable, i.e. Plaintiffs have direct knowledge whether they demolished their own property or not." Mot. 7.

"Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995). "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *Id*. (internal quotation marks and citation omitted).

The plaintiffs have failed to adequately allege that they justifiably relied on the alleged misrepresentation. They argue that they "relied on their insurer (and their insurer's expert) to handle and adjust their claim fairly." Oppo. 7. But that is not an argument that they relied *on the misrepresentation* and *that* reliance damaged them. *See Conroy*, 45 Cal. 4th at 1256 ("Actual reliance occurs when a misrepresentation is an immediate cause of a plaintiff's conduct, which alters his legal relations." (internal quotation marks, citation, and alteration omitted). They do not include any allegations, for instance, that they expended any money based on Bankers's decision to pay them less than they believed they are owed. And although they claim that they are damaged by spending money on this suit, they brought this suit precisely because they believed the estimate was false, not in justifiable reliance on it. They have leave to amend to adequately allege how they relied on the alleged misrepresentation, why that reliance was justifiable, and the resulting damages.

### C. Corporate Knowledge

MKA's Motion stated—in a single sentence tacked on at the end of a paragraph about particularity—that "[f]urther, MKA is a corporation and Plaintiffs do not allege any facts to

6

1  substantiate and meet the requisite of corporate knowledge." Mot. 6. It did not elaborate on this
2  statement or cite any authority. The plaintiffs' Opposition did not address this point specifically,
3  instead arguing about broader particularity principles. In its Reply, MKA reveals that by "corporate
4  knowledge" it meant that the plaintiffs must "allege the names of the persons who made the allegedly
5  fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote,
6  and when it was said or written." Reply [Dkt. No. 37] 4 (quoting *Cansino v. Bank of America*, 224
7  Cal. App. 4th 1462, 1469, (2014)). It cites multiple cases and devotes a page-and-a-half of
8  developed argument to this point.

9      The argument was not sufficiently developed in the Motion for the plaintiffs to fairly be on
10 notice to respond; all of the development of the argument appeared in reply. New arguments in
11 reply—which this functionally is—are improper, so I decline to address it now. *See Contratto v.*
12 *Ethicon, Inc.*, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005) (collecting authorities). And whether these
13 pleading requirements apply in federal court has split district courts in this state, so addressing it in
14 this half-baked posture is especially unwarranted. *See, e.g.*, *Scott v. Bluegreen Vacations Corp.*,
15 No. 1:18-CV-649 AWI EPG, 2018 WL 6111664, at *5 n.4 (E.D. Cal. Nov. 21, 2018) (documenting
16 split).

17 **II.   CONSPIRACY**

18     MKA moves to dismiss the conspiracy claim. It argues that conspiracy is "not recognized
19 as a cause of action within California" and that the plaintiffs "cannot allege conspiracy against MKA
20 as a matter of law." Mot. 2.

21     In California, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability
22 on persons who, although not actually committing a tort themselves, share with the immediate
23 tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi*
24 *Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994). As a result, "a civil conspiracy does not give rise to a
25 cause of action unless an independent civil wrong has been committed." *Id*. "The elements of an
26 action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage
27 resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." *Id*.
28

### A. Actionable Claims

MKA first argues that "[a] cause of action for conspiracy must fail because it is not a valid claim." Mot. 9. But, as explained above, California law does recognize a civil conspiracy action; it simply does not do so without an independent wrong. *See, e.g.*, *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (2006).

Next, MKA quotes *Applied Equipment*, apparently to argue that it cannot be subject to liability. Mot. 9. But all that case held was that a contracting party cannot be liable for civil conspiracy to interfere with its own contract. *Applied Equip*, 7 Cal. 4th at 508. And the portion that MKA appears to rely on reiterated another case's holding that non-insurer defendants cannot be liable for breaches of the covenant of good faith and fair dealing implied into the contract between the insured and insurer. *See id.* at 512 (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973)). But here, the conspiracy is not predicated on interference with contract or a breach of the covenant of good faith and fair dealing, it is predicated on fraud. A conspiracy by an insurer and its agent to commit fraud—a tort independent of the contract—is actionable. *See Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 511 (1980).[5]

### B. Adequate Pleading

An action for conspiracy premised on fraud must be pleaded with particularity under Rule 9(b). *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007). MKA argues that even if conspiracy were a valid claim, the plaintiffs "fail[ed] to state facts sufficient to plead a claim for fraud for which relief can be granted against MKA." Mot. 9. For the reasons explained above, the fraud claim has not been adequately pleaded, so the derivative conspiracy claim must fail too. Accordingly, the claim of civil conspiracy is dismissed with leave to amend.

---

[5] At one point, the plaintiffs allege that "defendants conspired with each other to commit fraud and generally deprive plaintiffs of insurance Policy benefits to which they were and are entitled." Compl. ¶ 51. If they intend the conspiracy to be predicated on actions other than the alleged fraud, they have not clearly alleged them. Based on the Complaint and Opposition, I understand them to base the conspiracy claim only on fraud. When they amend the complaint, they should make clear whether there is some alternative basis. Otherwise, the conspiracy charge will proceed (if it does) predicated only on the alleged fraud.

### III. IIPEA

MKA moves to dismiss the claim for IIPEA because the plaintiffs "fail[ed] to allege MKA's interference was a wrongful act beyond the interference itself." Mot. 2. In California, the elements of IIPEA are "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). A plaintiff "must plead and prove as part of its case-in-chief that the defendant's conduct was wrongful by some legal measure other than the fact of interference itself." *Id*. In other words, "a plaintiff must plead and prove that the defendant's acts are wrongful apart from the interference itself." *Id*.

MKA argues that the plaintiffs failed to allege that MKA's conduct violated any independent legal measure. *See* Mot. 29. The plaintiffs reply that "[t]he intentional wrongful conduct was alleged at paragraph 15 [of the Complaint]," and that they have "alleged fraud, which is unlawful." Oppo. 5–6; *see* Compl. ¶ 15.

Fraud and misrepresentations can generally constitute the wrongful act to support a claim for IIPEA. *See Rickel v. Schwinn Bicycle Co*., 144 Cal. App. 3d 648, 659 (1983). But if fraud is the independent wrongful act alleged in the IIPEA claim, the plaintiffs must meet Rule 9(b)'s particularity requirements. *See BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd*., No. C10-1053 SI, 2010 WL 3853025 at *3 (N.D. Cal. Sept. 29, 2010). Because the plaintiffs have not adequately pleaded the fraud claim (due to a failure to plead justifiable reliance), the IIPEA claim must fall as well. Accordingly, the claim of IIPEA is dismissed with leave to amend.

### IV. OPINIONS

MKA contends that, in the alternative, all of the claims must be dismissed because they are premised on MKA's repair estimate, which is a non-actionable opinion. *See* Mot. 2 ("MKA provided an opinion and therefore the Complaint must be dismissed against MKA."); *id.* 9 ("[a]n opinion is not actionable"). Although the plaintiffs do not counter this argument in their Opposition,

MKA's position is incorrect. The lone case it relied on held only that certain "forecasts of future events [are] not actionable misrepresentations" because they are mere opinions. *Cansino*, 224 Cal. App. 4th at 1469. The alleged misrepresentation here was a misstatement of past and present facts: that the plaintiffs did or did not take a concrete action (destroying portions of their house without warrant) that affected an appraisal price. It was not a bare opinion about future events.

## CONCLUSION

The motion at Dkt. No. 28 is GRANTED with leave to amend. The motion at Dkt. No. 7 is TERMINATED AS MOOT. An amended complaint shall be filed within 20 days. Should MKA and Bankers decide to move to dismiss again, they shall coordinate their briefing and the hearing schedule to avoid duplication of effort.

**IT IS SO ORDERED.**

Dated: February 7, 2022

William H. Orrick
United States District Judge